## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OXFORD GENE TECHNOLOGY IP LIMITED, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 08-320 (SLR) |
| BIOARRAY SOLUTIONS LTD., | ) ) ) | |
| Defendant. | ) | |

### DEFENDANT BIOARRAY SOLUTIONS LTD.'S
### ANSWER AND COUNTERCLAIMS

Defendant BioArray Solutions Ltd. ("BioArray") hereby responds to the numbered paragraphs of the Complaint of plaintiff Oxford Gene Technology IP Limited ("OGT") as follows:

1.    Admitted that this is a civil action for alleged infringement of three United States patents based upon the patent laws of the United States; otherwise denied.

2.    Admitted, on information and belief.

3.    Admitted.

4.    Admitted.

5.    Admitted.

6.    Admitted.

7.    Admitted that BioArray has made, used, offered to sell and sold Beadchip$^{TM}$ products; otherwise denied.

8.    Defendant admits that the '039 patent is entitled "Method for Analyzing a Polynucleotide Containing a Variable Sequence and a Set or Array of Oligonucleotides Therefor". Defendant admits that on the face of the '039 patent, it issued on October 23, 2001 to

Southern et. al. Defendant also admits that a copy of the '039 patent was attached to the complaint as Exhibit 1. Otherwise denied.

        9.     Defendant admits that the '751 patent is entitled "Method for Analysing a Polynucleotide Containing a Variable Sequence and a Set or Array of Oligonucleotides Therefor". Defendant admits that on the face of the '751 patent, it issued on August 3, 2004 to Southern et.al. Defendant also admits that a copy of the '751 patent was attached to the complaint as Exhibit 2. Otherwise denied.

        10.     Defendant admits that the '707 patent is entitled "Method for Analyzing Polynucleotide Targets Using Tethered Oligonucleotide Probles". Defendant admits that on the face of the '707 patent, it issued March 20, 2007 to Southern et. al. Defendant also admits that a copy of the '707 patent was attached to the complaint as Exhibit 3. Otherwise denied.

        11.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

        12.     Defendant restates and incorporates by reference its answers to paragrpahs 1 through 11 fully set forth herein.

        13.     Denied.

        14.     Denied.

        15.     Denied.

        16.     Denied.

        17.     Denied.

        18.     Denied.

        19.     Denied.

20.     Defendant restates and incorporates by reference its answers to paragraphs 1 through 11 fully set forth herein.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Defendant restates and incorporates by reference its answers to paragraphs 1 through 11 fully set forth herein.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

**PRAYER FOR RELIEF**

BioArrary denies that OGT is entitled to any relief, either as prayed for in its Complaint or otherwise.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE – NONINFRINGEMENT

36.    The commercial manufacture, sale, offer for sale, and use of BioArray's Beadchip™ product does not infringe and is not infringing any claim of the '039 patent, directly, by inducement or contributorily.

37.    The commercial manufacture, sale, offer for sale, and use of BioArray's Beadchip™ product does not infringe and is not infringing any claim of the '751 patent, directly, by inducement or contributorily.

38.    The commercial manufacture, sale, offer for sale, and use of BioArray's Beadchip™ product does not infringe and is not infringing any claim of the '707 patent, directly, by inducement or contributorily.

## SECOND DEFENSE – INVALIDITY

39.    The claims of the '039 patent are invalid under at least one or more of 35 U.S.C. §§ 102, 103 and 112.

40.    The claims of the '751 patent are invalid under at least one or more of 35 U.S.C. §§ 102, 103 and 112.

41.    The claims of the '707 patent are invalid under at least one or more of 35 U.S.C. §§ 102, 103 and 112.

## COUNTERCLAIMS

1.    Defendant/Counterclaim Plaintiff BioArray is a corporation organized under the laws of the State of Delaware, having its principal place of business at 35 Technology Drive, Suite 100, Warren, New Jersey 07059.

4

2.      Upon information and belief, Plaintiff/Counterclaim Defendant OGT is a limited liability company organized under the laws of England and Wales with its principal place of business at Begbroke Science Park, Sandy Lane, Yarntown, Oxford, OX5 1PF.

3.      This Court has jurisdiction over the subject matter of these counterclaims under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

4.      This Court has personal jurisdiction over OGT because OGT has availed itself of the privilege of conducting activities within this judicial district, including filing this lawsuit.

5.      Venue is proper under 28 U.S.C. § 1391.

## COUNT I

### (Declaration of Non-Infringement of the '039 Patent)

6.      Defendant repeats and realleges the allegations of paragraphs 1 to 5.

7.      Plaintiff has filed a Complaint alleging, *inter alia,* that the Defendant has directly, by inducement and contributorily infringed the '039 patent by the commercial manufacture, sale, offer for sale, and use of BioArray's Beadchip[TM] product. Defendant has denied this allegation.   A case of actual controversy therefore exists as to whether the commercial manufacture, sale, offer for sale and use of BioArray's Beadchip product has infringed, either directly, by inducement or contributorily, any valid and enforceable claim of the '039 patent.

8.      On information and belief for the purposes of this counterclaim, OGT has exlusive rights to the '039 patent.

9.      Defendant incorporates by reference paragraph 36 of the Answer as if fully set forth herein.

## COUNT II

### (Declaration of Non-Infringement of the '751 Patent)

10.     Defendant repeats and realleges the allegations of paragraphs 1 to 5 of this Counterclaim.

11.     Plaintiff has filed a Complaint alleging, *inter alia,* that the Defendant has directly, by inducement and contributorily infringed the '751 patent by the commercial manufacture, sale, offer for sale, and use of BioArray's Beadchip$^{TM}$ product.  Defendant has denied this allegation.   A case of actual controversy therefore exists as to whether the commercial manufacture, sale, offer for sale and use of BioArray's Beadchip product has infringed any valid and enforceable claim of the '751 patent.

12.     On information and belief for the purposes of this counterclaim, OGT has exclusive rights in and to the '751 patent.

13.     Defendant incorporates by reference paragraph 37 of the Answer as if fully set forth herein.

## COUNT III

### (Declaration of Non-Infringement of the '707 Patent)

14.     BioArray repeats and realleges the allegations of paragraphs 1 to 5 of this Counterclaim

15.     Plaintiff has filed a Complaint alleging, *inter alia,* that the Defendant has directly, by inducement and contributorily infringed the '707 patent by the commercial manufacture, sale, offer for sale, and use of BioArray's Beadchip$^{TM}$ product.  Defendant has denied this allegation.   A case of actual controversy therefore exists as to whether the

commercial manufacture, sale, offer for sale and use of BioArray's Beadchip product has infringed any valid and enforceable claim of the '707 patent.

16.     On information and belief for the purposes of this counterclaim, OGT has exclusive rights in and to the '707 patent.

17.     Defendant incorporates by reference paragraph 38 of the Answer as if fully set forth herein.

## COUNT IV

### (Declaration of Invalidity of the '039 Patent)

18.     Defendant repeats and realleges the allegations of paragraphs 1 to 5 of this Counterclaim

19.     Plaintifs has filed a Complaint alleging, *inter alia*, that the '039 patent "duly and legally issued". Defendant has denied this allegation.  A case of actual controversy exists as to whether the claims of the '039 patent are valid.

20.     On information and belief for the purposes of this counterclaim, OGT has exclusve rights in and to the '039 patent.

21.     BioArray incorporates by reference paragraph 39 of the Answer as if fully set forth herein.

## COUNT V

### (Declaration of Invalidity of the '751 Patent)

22.     Defendant repeats and realleges the allegations of paragraphs 1 to 5 of this Counterclaim.

23.    Plaintiff has filed a Complaint alleging, *inter alia*, that the '751 patent "duly and legally issued". Defendant has denied this allegation. A case of actual controversy exists as to whether the claims of the '751 patent are valid.

24.    On information and belief for the purposes of this counterclaim, OGT has exclusve rights in and to the '751 patent.

25.    BioArray incorporates by reference paragraph 40 of the Answer as if fully set forth herein.

## COUNT VI

### (Declaration of Invalidity on the '707 Patent)

26.    Defendant repeats and realleges the allegations of paragraphs 1 to 5 of this Counterclaim.

27.    Plaintiff has filed a Complaint alleging, *inter alia*, that Defendant that the '707 patent "duly and legally issued". Defendant has denied this allegation. A case of actual controversy exists as to whether the claims of the '707 patent are valid.

28.    On information and belief for the purposes of this counterclaim, OGT has exclusve rights in and to the '707 patent.

29.    BioArray incorporates by reference paragraph 41 of the Answer as if fully set forth herein.

### PRAYER FOR RELIEF

WHEREFORE, defendant Bioarry demands judgment against OGT on the Complaint, and demands judgment against OGT on the counterclaim, for:

      A.      Dismissal with prejudice of the Complaint;

      B.      A declaration that the commercial manufacture, use, sale, or offer for sale of BioArray's Beadchip™ product has not infringed any valid claim of the '039 patent either directly, by inducement or contributorily;

      C.      A declaration that the commercial manufacture, use, sale, or offer for sale of BioArray's Beadchip™ product has not infringed any valid claim of the '751 patent either directly, by inducement or contributorily;

      D.      A declaration that the commercial manufacture, use, sale, or offer for sale of BioArray's Beadchip™ product has not infringed any valid claim of the '707 patent either directly, by inducement or contributorily;

      E.      A declaration that the '039 patent is invalid;

      F.      A declaration that the '751 patent is invalid;

      G.      A declaration that the '707 patent is invalid;

      H.      A finding that this case is exceptional under 35 U.S.C. § 285, and an award of attorney fees and costs; and

      I.      Such other and further relief as may be appropriate.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Defendant BioArray Solutions Ltd.*

9

*Of Counsel:*

Steven Lee
Kathryn Jones
KENYON & KENYON LLP
One Broadway
New York, NY  10004-1007
212.425.7200

July 21, 2008
2410978

## CERTIFICATE OF SERVICE

I, hereby certify that on July 21, 2008, I electronically filed the foregoing with the

Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Richard Hermann, Esquire
MORRIS JAMES LLP

I also certify that copies were caused to be served on July 21, 2008 upon the

following in the manner indicated:

**BY ELECTRONIC MAIL**
**and HAND DELIVERY**

Richard Hermann, Esquire
MORRIS JAMES LLP
500 Delaware Avenue
Suite 1500
Wilmington, DE 19801

**BY ELECTRONIC MAIL**

Bryan S. Hales, Esquire
Adam R. Brausa, Esquire
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601

_____
Jack B. Blumenfeld (#1014)